**WEIHONG LIU, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 14–70080.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 24, 2016.*

Filed Feb. 29, 2016.

David M. Haghighi, Law Offices of David M. Haghighi, APC, Los Angeles, CA, for Petitioner.

Samuel P. Go, Senior Litigation Counsel, Jonathan Aaron Robbins, Esquire, Trial, Brianne Whelan Cohen, Trial, Daniel Eric Goldman, Esquire, Senior Litigation Counsel, OIL, Matthew Allan Spurlock, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM** \*\*

Weihong Liu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder,* 590 F.3d 1034, 1039–40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on omissions from Liu's and his wife's declarations of an alleged IUD insertion, circumstances preceding an alleged forced abortion, the alleged birth of a second child, and subsequent events. *See id.* at 1048 (adverse credibility determination was reasonable under the REAL ID Act's totality of the circumstances standard); *see also Zamanov v. Holder,* 649 F.3d 969, 973–74 (9th Cir.2011) (upholding adverse credibility determination based in part on omissions which "went to the core of [the petitioner's] fear of political persecution"). The agency reasonably found Liu's explanations further undermined his credibility. *See Liu v. Holder,* 640 F.3d 918, 926 (9th Cir.2011). In the absence of credible testimony, Liu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.